**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZAFAR RIYAZ, <br><br> Plaintiff, <br><br> v. <br><br> INTEGRA LIFE SCIENCES, <br><br> Defendant. | Civil Action No. 24-9861 (MAS) (JTQ) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon pro se Plaintiff Zafar Riyaz's ("Plaintiff") Complaint (ECF No. 1), and application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 (ECF No. 1-2). Upon review, the Court finds that Plaintiff has established indigence and grants the IFP Application. Having granted Plaintiff IFP status, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen his Complaint. For the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice.

**I.    BACKGROUND**

Plaintiff, a discharged employee, alleges that Integra Life Sciences ("Defendant"), particularly his supervisor, Iris Rodriguez, terminated his employment and failed to accommodate his disability on November 3, 2023.[1] (*See* Compl. 6, ECF No. 1.) Plaintiff further alleges that he

---

[1] Although the Complaint names Iris Rodriguez as the defendant on page three, the caption names Integra Life Sciences as the defendant on page two; accordingly, the Court evaluates the Complaint with Integra Life Sciences as Defendant. (Compl. 3.) If Plaintiff wishes to bring claims against Iris Rodriguez instead of, or in addition to Integra Life Sciences, he may indicate such by amending the caption of the Complaint.

injured his neck and shoulder while lifting boxes and that Defendant discriminated against him based on said disability. (*Id.*) Plaintiff filed a charge with the Equal Employment Opportunity Commission (the "EEOC") on April 29, 2024. (*Id.* at 7.) Plaintiff received a Notice of Right to Sue from the EEOC on July 20, 2024. (*Id.*) Plaintiff filed the instant suit on October 15, 2024, alleging discrimination in employment pursuant to the Americans with Disabilities Act of 1991 (the "ADA") and seeking reinstatement of his job. (*Id.* at 5, 8.)

## II.     LEGAL STANDARD

An IFP application "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The Court, accordingly, must carefully review an application and "if convinced that [the applicant] is unable to pay the court costs and filing fees, the [C]ourt will grant leave to proceed [IFP]." *Douris v. Middletown Township*, 293 F. App'x 130, 132 (3d Cir. 2008) (citation omitted). Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a case at any time if the court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)[ ] is the same as that for dismissing a complaint pursuant to [Rule] 12(b)(6)." *Conner v. Reed*, No. 21-14193, 2020 WL 138100, at *1 (D.N.J. Jan. 4, 2022) (quoting *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff but need not accept as true legal conclusions couched as factual allegations. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A

2

complaint need not contain "detailed factual allegations" to survive a motion to dismiss but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The Court construes pleadings filed by pro se plaintiffs liberally and holds them to a less stringent standard than those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2019).

### III.    DISCUSSION

#### A.    The Court Grants Plaintiff's IFP Application.

The Court must carefully review Plaintiff's IFP Application, and "if convinced that [the applicant] is unable to pay the courts cost and filing fees, the [C]ourt will grant leave to proceed *in forma pauperis*." *Douris*, 293 F. App'x at 132 (citing *Deutsch v. United States*, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995)). Plaintiff's IFP Application is complete and indicates that he is unemployed and possesses no savings or assets aside from $800 in cash. (*See* IFP Appl., ECF No. 1-2.) Plaintiff states neither he nor his spouse had an income source during the past twelve months, that his son is supporting them financially, and that he does not expect changes in the near future. (*Id.*) The Court finds that Plaintiff has established indigence and grants the IFP Application. *See*

3

*Hickson v. Mauro*, No. 11-6304, 2011 WL 6001088, at *1 (D.N.J. Nov. 30, 2011) ("The decision to grant or deny an IFP application is based solely on the economic eligibility of the [plaintiff]." (citing *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)).

    **B.**    **The Court Dismisses Plaintiff's Complaint.**

Plaintiff's Complaint in the instant litigation asserts claims solely based on the ADA. (Compl. 5-6.) The District Court has federal question subject matter jurisdiction over Plaintiff's ADA claims under 28 U.S.C. § 1331. The ADA "prohibits a range of discriminatory employment practices, including termination of a qualified individual on the basis of disability and failure to provide reasonable accommodations for a disabled employee." *Meggiolaro v. Lagniappe Pharmacy Servs., Transaction Data Sys., Inc.*, No. 16-3407, 2016 WL 5660432, at *1 (D.N.J. Sept. 29, 2016) (citing 42 U.S.C. § 12112(a), (b)).

    *1.*    *Discrimination*

To establish a prima facie case of discrimination under the ADA, Plaintiff must adequately allege that: "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (quoting *Gaul v. Lucent Techs.*, 134 F.3d 576, 580 (3d Cir. 1998)). Here, Plaintiff does not allege—and a liberal reading of his Complaint does not suggest—that Defendant violated the ADA. (*See* Compl.)

The first prong of a discrimination claim requires Plaintiff to establish himself as a disabled person within the meaning of the ADA. *Taylor*, 184 F.3d at 306. A person is "disabled" under the ADA if he has "a physical or mental impairment that substantially limits one or more major life activities," has "a record of such impairment," or was "regarded as having such an impairment."

4

42 U.S.C. § 12102(1). An individual is "regarded as having such an impairment" if "the individual establishes that he or she has been subjected to an action prohibited . . . because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." *Id.* § 12102(3)(A). Here, the Complaint contains only a bald assertion that Plaintiff has a "disability," presumably as a result of the unspecified injury Plaintiff suffered "[w]hile lifting boxes." (Compl. 6-7.) Without more, the factual allegations in the Complaint are insufficient to meet the first prong of the ADA analysis because Plaintiff has failed to provide sufficient facts that would allow the Court to determine whether Plaintiff is a disabled person within the meaning of the ADA, as described above. *See, e.g., Nguyen v. Quick Check Store No. 129*, No. 12-3300, 2013 WL 6623923, at *3 (D.N.J. Dec. 16, 2013) (finding general allegations of pain in hands and back and "permanent injuries," without more, insufficient to support the first prong of an ADA claim).

The second element of a discrimination claim requires Plaintiff to adequately allege that "he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer." *Taylor*, 184 F.3d at 306 (quoting *Gaul*, 134 F.3d at 580); *see also* 42 U.S.C. § 12111(8). The Complaint, however, does not contain any factual allegations regarding the essential functions of Plaintiff's former position, let alone whether he could perform those functions with or without accommodation. (*See generally* Compl.) As such, the Complaint does not satisfy the second prong of an ADA claim.

Lastly, the third requirement to state a discrimination claim requires Plaintiff to adequately allege that he "suffered an otherwise adverse employment decision as a result of discrimination." *Taylor*, 184 F.3d at 306 (citing *Gaul*, 134 F.3d at 580). The Complaint does not include any factual allegations that link Plaintiff's termination with his alleged disability. (*See generally* Compl.)

Indeed, the Complaint does not include any factual allegations about the circumstances or timing of Plaintiff's termination. (*See generally* Compl.) At this juncture, the Court, without more, cannot infer a plausible, causal connection between Plaintiff's alleged disability and the termination of his employment. *See Gist v. Princeton Healthcare Sys.*, No. 14-6449, 2015 WL 4619518, at *3 (D.N.J. July 31, 2105) (finding the facts in the complaint so sparse that the Court "cannot even determine what temporal relationship existed between Plaintiff's request for accommodations and his termination in order to possibly infer a causal connection").

Since Plaintiff has not pled sufficient facts to adequately allege any prong of his ADA discrimination claim, it is accordingly dismissed.

### 2. *Failure to Accommodate*

To adequately plead a prima facie failure to accommodate claim under the ADA, Plaintiff must allege that: "(1) he was disabled and his employer knew it; (2) he requested an accommodation or assistance; (3) his employer did not make a good faith effort to assist; and (4) he could have been reasonably accommodated." *Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 157 (3d Cir. 2017) (quoting *Armstrong v. Burdette Tomlin Mem'l Hosp.*, 438 F.3d 240, 246 (3d Cir. 2006).

Plaintiff fails to adequately allege the first requirement—that he was disabled and his employer knew it—and the second requirement—that he requested an accommodation or assistance. (*See generally* Compl.) The employee, to trigger the employer's obligations, must "give notice that 'make[s] clear that the employee wants assistance for his or her disability.'" *Honauer v. N. Jersey Truck Ctr.*, No 19-8947, 2020 WL 5422824, at *4 (D.N.J. Sept. 10, 2020) (alteration in original) (quoting *Taylor*, 185 F.3d at 311). The key to the request is "whether the employee 'provides the employer with enough information that, under the circumstances, the employer can

be fairly said to know of both the disability and desire for an accommodation.'" *Id.* (quoting *Taylor*, 185 F.3d at 313). There are no facts in the Complaint to indicate that Plaintiff made such an accommodation request. *See Conneen v. MBNA Am. Bank, N.A.*, 334 F.3d 318, 332 (3d Cir. 2003) ("[E]ither by direct communication or other appropriate means, the employee 'must make clear that [he] wants assistance for [his] disability.'") (quoting *Jones v. United Parcel Serv.*, 214 F.3d 402, 408 (3d Cir. 2000)).

The third requirement—his employer did not make a good faith effort to assist—and fourth requirement—he could have been reasonably accommodated—are also not satisfied for the same reasons stated above. There is neither an indication that Defendant was aware of Plaintiff's disability nor any request from Plaintiff for an accommodation. It follows that the Court cannot infer whether Defendant failed to make good faith efforts to assist. By extension, the Court cannot determine whether Plaintiff could have reasonably been accommodated because the Complaint lacks any facts concerning what accommodation Plaintiff allegedly requested, let alone what could be reasonably accommodated. *See Donahue v. Consol. Rail Corp.*, 224 F.3d 226, 234 (3d Cir. 2000) (explaining that a plaintiff may not recover in a failure to accommodate claim "without showing that a reasonable accommodation was possible").

While the Court remains sympathetic to Plaintiff's circumstances, Plaintiff fails to state a failure to accommodate claim under the ADA. The Court, therefore, dismisses the Complaint. Plaintiff will have an opportunity to file an amended complaint to fix the deficiencies that the Court has identified in this Memorandum Opinion.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses the Complaint. The Court will issue an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE